Eastern District of Kentucky
F I L E D

MAR 07 2019

AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

**Civil Action No. 18-46-HRW**

**BILLY D. OSBORNE,**                                                     **PLAINTIFF,**

**v.**                                 **MEMORANDUM OPINION AND ORDER**

**NANCY A. BERRYHILL,**
**ACTING COMMISSIONER OF SOCIAL SECURITY,**                    **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final

decision of the Defendant denying Plaintiff's application for disability insurance benefits.   The

Court having reviewed the record in this case and the dispositive motions filed by the parties,

finds that the decision of the Administrative Law Judge is supported by substantial evidence and

should be affirmed.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits on in April of 2015,

alleging disability beginning in August of 2011, due to back pain, shoulder pain and peripheral

artery disease.   His insured status for purposes of DIB eligibility expired on June 30, 2016, and thus

he had to establish that any disability began on or before that date in order to receive DIB.   His

application was denied initially and on reconsideration.   Thereafter, upon request by Plaintiff,

two administrative hearing was conducted by Administrative Law Judge Donald Rising

(hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified.   At the supplemental

hearing, Laura Lykins, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following

five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.

> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff has an eighth-grade education and his past relevant work experience consists of work as a construction contractor.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability through his date of last insured.

The ALJ then determined, at Step 2, that, through the date last insured, Plaintiff suffered from cervical and lumbar degenerative disc disease, degenerative joint disease of the right shoulder and peripheral artery disease status post iliac stenting, which he found to be "severe" within the meaning of the Regulations.

2

At Step 3, the ALJ found that through the date last insured Plaintiff's impairments did not meet or medically equal any of the listed impairments.

The ALJ further found that Plaintiff could not return to his past relevant work but determined that he has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567, except lift and carry 20 pounds frequently, 50 pounds occasionally; sit or stand 6-7 hours per day (2-3 hours continuously); walk 5 hours per day (one half mile continuously); frequently balance, stoop, kneel, crouch, and crawl; occasionally reach in all directions and push/pull with the right upper extremity; occasionally climb stairs or ropes/ladders/scaffolds; occasionally walk on uneven terrain; no greater than frequent exposure to heights, moving machinery, or operating motor vehicles. (Tr. 492).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a

whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff first argues that the ALJ did not adequately evaluate his subjective complaints of disabling symptoms.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). In this case, the ALJ found Plaintiff's statements with regard to his allegations of disabling pain lacked credibility.

Rather than directly dispute the ALJ's reasons for discounting Plaintiff's credibility, he argues that the ALJ minimized the effect of his peripheral artery disease. Yet, the ALJ explicitly discussed this impairment and found that the record established that his peripheral artery disease improved with treatment and that through the date last insured of June 30, 2016, he did not present with additional complaints in this regard. This is substantial evidence upon which to

4

discount Plaintiff's allegation of disabling impairment due to peripheral artery disease.

As for Plaintiff's vague allusion to records submitted after the ALJ's decision, those records pertain to a time period outside that being adjudicated and, therefore, are not relevant.

It is well established that an ALJ's credibility assessment will not be disturbed "absent compelling reason." *Smith v. Halter,* 307 F.3d 377, 379 (6th Cir.2001); *Walters,* 127 F.3d at 531 (recognizing ALJ's credibility assessment is entitled to "great weight and deference"). In making a credibility determination, Social Security Ruling 96–7p provides that the ALJ must consider the record as a whole, including objective medical evidence; the claimant's statements about symptoms; any statements or other information provided by treating or examining physicians and other persons about the conditions and how they affect the claimant; and any other relevant evidence. *See* SSR 96–7p, 1996 WL 374186, at *2 (July 2, 1996). Here, the ALJ properly recognized the factors that the regulations require to be considered in evaluating a claimant's credibility with regard to their pain. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). He set forth in detail reasons for discounting Plaintiff's credibility. The Court finds no error in this regard.

Plaintiff also contends that he suffers from impairments not discussed by the ALJ, such as disc herniation, GERD and anxiety and, as such, the ALJ's decision should be reversed. This argument is flawed. In crafting the RFC, the ALJ relied heavily upon a November 2016 IME conducted at the behest of Plaintiff's counsel by Jeffrey Uzzle, M.D. Dr. Uzzle observed that Plaintiff walked with a normal gait and demonstrated full muscle strength and sensation in his arms and legs (Tr. 1833). Dr. Uzzle noted that the arterial stents had improved circulation in Plaintiff's legs (Tr. 1833-34). Dr. Uzzle ultimately opined that, as of June 30, 2016, Plaintiff could perform work involving occasional lifting and carrying of up to 50 pounds occasionally, 20

5

pounds frequently, and up to 10 pounds continuously; walking up to five hours total, for half a mile at a time, with occasional walking on uneven terrain; standing and sitting six to seven hours, for two to three hours at a time; occasional reaching, pushing, pulling, and handling large objects with his right arm and occasional to frequent postural maneuvers, driving, and exposure to hazards (Tr. 1834).

Notably, Dr. Uzzle took Plaintiff's relevant medical history, reviewed medical records provided by his attorney, and made many relevant clinical examination findings (Tr. 1831-34). For example, Dr. Uzzle noted, in his review of records, that Plaintiff had been treated for GERD and lumbar spine imaging had shown some disc herniation; Dr. Uzzle also noted that his mental status and speech were grossly normal on examination (Tr. 1832-33).

Therefore, Plaintiff's contention that the ALJ ignored these conditions is misleading. Rather, the ALJ considered them but found them not to be disabling.

The Court notes that the only evidence submitted by Plaintiff regarding his functional abilities was Dr. Uzzle's report and opinion, which is largely consistent with the ALJ's decision. Plaintiff challenges neither the ALJ's decision to rely on Dr. Uzzle's opinion, nor the reasons the ALJ gave for discounting his subjective complaints of disability. Instead, he merely presents an alternative interpretation of the evidence of record. The Court declines to reweigh the evidence in this fashion. If the Commissioner's decision denying benefits is supported by substantial evidence, as it is here, the Court must affirm that decision. *Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005).

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

March 7, 2019.

 Signed By:
*Henry R. Wilhoit, Jr.*
**United States District Judge**

7